Donald K. McLean, AKSB No. 0403006
Robert D. Sykes, AKSB No. 1809074
BAUER MOYNIHAN & JOHNSON LLP
2101 4th Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076
dkmclean@bmjlaw.com
rsykes@bmjlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PLATYPUS MARINE, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLACIER GUIDES, INC., an Alaska Corporation, *in personam*, M/Y ALASKAN GRANDEUR, O.N. 1121333, her engines, tackles, hull, machinery, and gear, *in rem,*<br><br>Defendant. | Case No. 1:22-cv-00006-HRH |

## AMENDED VERIFIED COMPLAINT

Plaintiff Platypus Marine, Inc. ("Platypus") alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over this case under 28 USC § 1333 as it is a maritime claim to enforce a maritime contract and to foreclose on a maritime lien. The Court also has subject matter jurisdiction over the case under 28 USC § 1333 because it involves a lawsuit between citizens of two different states, and the amount in controversy is in excess of $75,000. Plaintiff elects to designate this lawsuit as an admiralty claim under Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff Platypus is a Washington corporation with its principal place of business

located in Port Angeles, Washington, where it operates a vessel repair yard.

3. *In personam* defendant Glacier Guides, Inc., is an Alaska corporation with its principal place of business in Gustavus, Alaska. This court has jurisdiction over Glacier Guides by virtue of its residence within this district.

4. *In rem* defendant ALASKAN GRANDEUR, O.N. 1121333, is a 65-foot uninspected passenger vessel with its homeport in Glacier Bay, Alaska, owned and/or operated by defendant *in personam* Glacier Guides, Inc. This court has jurisdiction over the ALASKAN GRANDEUR as the vessel is present within this district and, upon information and belief, will remain within this district during the pendency of this action.

5. Venue is proper within this district in accordance with Rule C as the ALASKAN GRANDEUR is or will be within the physical jurisdiction of this Court during the pendency of this action.

## II. FACTS

6. On or about December 3, 2021, Glacier Guides, Inc., owner or operator of the luxury motor yacht ALASKAN GRANDEUR, entered into a binding written contract for the haul-out and repair of the vessel by Platypus in its Port Angeles, Washington shipyard. The contract's terms and conditions and haul-out agreement (Ex. A) were signed by Zach Decker, an authorized representative of Glacier Guides.

7. On or about December 3, 2021, Platypus hauled out the ALASKAN GRANDEUR and commenced the agreed upon repairs on the vessel in its yard. The work was completed on or about March 31, 2022, at which point Platypus re-launched the vessel.

8. On or about April 4, 2022, Platypus issued Statement No. AGR003, referencing Invoice No. AGR003-16, to Glacier Bay in the amount of $272,253.74 for the haul-out and repairs to the vessel. (Ex. B.)

9. Glacier Guides requested to pay for the repair work with two checks from the same account. On or about April 4, 2022, when the ALASKAN GRANDEUR was re-delivered,

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

Glacier Guides issued two checks from this account (No. 756 and No. 757; Ex. C). Check No. 756 was written for $104,242.56. Check No. 757 was written for $168,011.18.

10. Glacier Guides stopped payment on Check No. 757, refusing to pay $168,011.18 worth of repair work, over 60-percent of the invoiced amount.

11. A total of $168,011.18 is owed for the work Platypus provided to the ALASKAN GRANDEUR.

12. On or about April 21, 2022, counsel for Platypus mailed a Notice of Dishonored Check per RCW 62A.3-520 to the attorneys for Glacier Guides. (Ex. D.)

13. In filing this Verified Complaint, Platypus is proceeding *in rem* against the vessel under the substantive laws of the General Maritime Law of the United States of America, as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq*., and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty and Maritime Claims, as well as the Local Rules of this Court.

### III. CAUSES OF ACTION

### FIRST CAUSEOF ACTION—LIEN FOR NECESSARIES

14. Plaintiff incorporates the previous allegations by reference as if fully alleged herein.

15. Plaintiff contracted with the owner and/or operator of the ALASKAN GRANDEUR to provide or furnish repairs and improvements to the ALASKAN GRANDEUR. Plaintiff provided or furnished said services to the Vessel, and the Owner has failed and refused to pay for said services.

16. Plaintiff has a maritime lien against the Vessel for the necessaries provided, totaling $168,011.18.

### SECOND CAUSE OF ACTION—BREACH OF CONTRACT

17. Plaintiff incorporates the previous allegations by reference as if fully alleged herein.

18. Plaintiff contracted with Glacier Guides to provide or furnish repairs and improvements to the ALASKAN GRANDEUR. Plaintiff provided or furnished said services to the

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

Vessel, and the Owner has breached the contract by failing and/or refusing to pay for said services.

19. Glacier Guides is liable *in personam* for damages its breaches have caused plaintiff.

**THIRD CAUSE OF ACTION—ENFORCEMENT OF INSTRUMENT—RCW 62A.3-515**

20. Plaintiff incorporates the previous allegations by reference as if fully alleged herein.

21. As drawee of Check No. 757, Platypus is entitled to enforce the check that was dishonored for non-payment.

22. Further, a drawee entitled to enforce a check that has been dishonored for non-payment is entitled to recover interest at a rate of 12%, statutory collection costs, reasonable attorneys' fees, and statutory damages upon delivery of a Notice of Dishonor to the drawer and if the drawer does not pay the check within 15 days of the Notice.

23. Platypus delivered a Notice of Dishonor to Glacier Guides on or about April 21, 2022. More than 15 days have passed since the Notice was delivered and Glacier Guides has not paid Platypus.

24. Accordingly, in addition to the face value of Check No. 757, Platypus is entitled to interest at a rate of 12% per annum, reasonable attorneys' fees, a $40 collection fee, and an additional $300 in statutory damages.

**IV. REQUEST FOR ARREST OF THE ALASKAN GRANDEUR PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE C**

25. Platypus incorporates the previous allegations by reference as if fully alleged herein.

26. Upon information and belief, the ALASKAN GRANDEUR is or will be within this District during the pendency of this admiralty and maritime claim.

27. Platypus's claim for damages gives rise to a maritime lien against the ALASKAN GRANDEUR, which plaintiff is entitled to enforce in this action *in rem* as provided in the Federal Rules of Civil Procedure, Supplemental Admiralty Rule C.

28. The ALASKAN GRANDEUR has the capacity to be removed from the jurisdiction,

AMENDED VERIFIED COMPLAINT
Case No. 1:22-cv-00006-HRH
Page **4** of **7**

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

concealed, or destroyed so as to frustrate *in rem* jurisdiction.

29. Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Platypus is entitled to arrest the ALASKAN GRANDEUR to satisfy its claims, including, but not limited to, pre-judgment interest, costs, and expenses as alleged with more specificity *supra*.

30. Platypus agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all liability or responsibility for claims arising from the arrest and attachment of the aforesaid ALASKAN GRANDEUR.

## **PRAYER FOR RELIEF**

Plaintiff respectfully prays as follows:

1. That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/Y ALASKAN GRANDEUR, O.N. 1121333, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, placing the vessel under the arrest, custody, and control of the Marshal of this District, and that all persons claiming interest in said Vessel be required to appear and to answer under oath all and singular the matters aforesaid;

2. That the Court appoint a substitute custodian for the ALASKAN GRANDEUR during the pendency of this action;

3. That after due proceedings are had, there be judgment entered in favor of plaintiff and against defendant Glacier Guides, *in personam,* and ALASKAN GRANDEUR and her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, requiring defendants to pay damages to plaintiff in the amount of $168,011.18 plus outstanding contractual interest at the rate of 12%, or as otherwise determined by this Court;

4. That after due proceedings are had, there be judgment entered in favor of plaintiff and against defendant Glacier Guides, *in personam*, under RCW 62A.3-515 for $168,011.18, plus

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

statutory interest of 12%, collection costs of $40, $300 in statutory damages, and reasonable attorney fees.

     5.     That the Court award judgment in favor of plaintiff and against defendants for all fees and costs incidental to or arising out of the attachment or arrest of the ALASKAN GRANDEUR while said Vessel was *in custodia legis*, and other costs allowed by applicable law;

     6.     That the vessel M/Y ALASKAN GRANDEUR, her engines, tackle, apparel, furniture, equipment, and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorneys' fees, and costs, and *custodia legis* costs due plaintiff as alleged herein;

     7.     That plaintiff be awarded pre-judgment and post-judgment interest in the contractually-agreed rate of 12%, as well as costs; and

     8.     For such other and further relief as the Court sees just and proper.

DATED this Tuesday, May 24, 2022

          s/ Donald K. McLean
          Donald K. McLean, AKSB No. 0403006
          /s/ Robert D. Sykes
          Robert D. Sykes, AKSB No. 1809074
          Attorneys for Plaintiffs
          Bauer Moynihan & Johnson LLP
          2101 Fourth Avenue, Suite 2400
          Seattle, Washington 98121
          Telephone: (206) 443-3400
          Fax: (206) 448-9076
          dkmclean@bmjlaw.com
          rsykes@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

AMENDED VERIFIED COMPLAINT
Case No. 1:22-cv-00006-HRH
Page **6** of **7**

Case 1:22-cv-00006-APG    Document 5    Filed 05/24/22    Page 6 of 7

## VERIFICATION

1. I am the President of Platypus Marine, Inc.

2. I have read the Complaint and believe the facts alleged to be true and accurate to the best of my knowledge, information and belief.

3. I am making this verification under penalty of perjury pursuant to 28 U.S.C. § 1746.

DATED this Friday, May 20, 2022 in Port Angeles, Washington

_____
Judson Linnabary

AMENDED VERIFIED COMPLAINT
Case No. 1:22-cv-00006-HRH
Page **7** of **7**

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076