IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PLATYPUS MARINE, INC., a Washington corporation,

        Plaintiff,

  vs.

GLACIER GUIDES, INC., an Alaska Corporation, *in personam*, ALASKA LEGACY, LLC, *in personam*, M/Y ALASKAN GRANDEUR, O.N. 1121333, her engines, tackles, hull, machinery, and gear, *in rem*,

        Defendants.

No. 1:22-cv-0006-HRH

O R D E R

Motion for Order Requiring Counter-Security[1]

Defendant Alaska Legacy, LLC, moves for an order requiring plaintiff to provide counter-security in the form of a bond in the principal amount of Alaska Legacy's counterclaim, fairly stated. The motion is opposed.[2] Oral argument has not been requested and it not deemed necessary.

Alaska Legacy's motion calls into play Rule E(7)(a), Supplemental Rules for Admiralty or Maritime Claims. Rule E(7) rule provides that:

> (7) **Security on Counterclaim**.
>
>     (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the

---

[1]Docket No. 43.

[2]Docket No. 46.

ORDER – Motion for Order Requiring Counter-Security     - 1 -

> transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

This admiralty action was commenced by the filing of plaintiff's verified complaint.[3] Currently, the case is proceeding on plaintiff's second amended verified complaint.[4] Defendants answered plaintiff's second amended complaint and asserted a counterclaim.[5]

Early in these proceedings, the parties entered into a stipulation for the substitution of security for the M/Y ALASKAN GRANDEUR.[6] By order of June 14, 2022, the parties' stipulation was approved,[7] Alaska Legacy, LLC, was directed to deposit $178,091.85 as security,[8] and the defendant vessel was ordered released upon deposit of the agreed security.[9] Glacier Guides, Inc., made the required security deposit with the clerk of court on behalf of the in personam defendants.[10]

For purposes of Rule E(7), Alaska Legacy, LLC, and Glacier Guides, Inc., are "person[s] who [have] given security for damages" associated with plaintiff's complaint. Defendants have asserted a counterclaim against plaintiff. That counterclaim "arises

---

[3]Docket No. 1.

[4]Docket No. 18.

[5]Docket No. 23 at 5.

[6]Docket No. 10.

[7]Docket No. 13.

[8]Id. at 2.

[9]Id. at 3.

[10]Docket No. 15; see also Docket No. 22.

ORDER – Motion for Order Requiring Counter-Security - 2 -

from the transaction or occurrence that is the subject" of plaintiff's original and second amended complaints. Both the original complaint and the amended complaint and defendants' counterclaim arise out of the contract between plaintiff and Alaska Legacy, LLC, for repairs to the defendant vessel, M/Y ALASKAN GRANDEUR.[11]

In consideration of the foregoing, and unless the court directs otherwise, plaintiff "must give security for damages demanded in the counterclaim[.]"

In opposing Alaska Legacy's motion for counter-security, plaintiff argues that counter-security is not warranted because "Glacier's counterclaim pleads no amount of damages" and the counterclaim is alleged to be frivolous.[12]

Plaintiff's arguments are without merit. The court is unpersuaded that it should read Rule E(7) out of existence if a counterclaim does not state a damages amount. The court looks to Rule E(5) for guidance. That rule provides that "the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs...." Inasmuch as the foregoing is the rule that the court employed in fixing a bond to cover plaintiff's claim, that rule also provides a logical basis for putting a value on Alaska Legacy's motion for counter-security. Moreover, pursuant to the requirements of Rule 26(a)(2), defendant Alaska Legacy has, through its expert witness, disclosed the value of its counterclaim at $224,810.00. Accordingly, the court finds Alaska Legacy's counterclaim to be fairly stated at $224,810.00, the sum requested by plaintiff. The court declines additional sums for interest or costs.

---

[11]Docket No. 18 at 2, ¶ 7, and No. 23 at 5, ¶ 1.1.

[12]Docket No. 46 at 5.

ORDER – Motion for Order Requiring Counter-Security                                                                 - 3 -

Case 1:22-cv-00006-HRH   Document 51   Filed 07/05/23   Page 3 of 4

Other arguments made by plaintiff have to do with the merits of the parties' claims. Now is not the time to deal with the merits of the parties' claims.

Alaska Legacy's motion requiring counter-security is granted. Counter-security in the amount of $224,810.00 is ordered and shall be deposited with the clerk of court in the form of a cash undertaking by plaintiff or a bond supported by corporate sureties.

Pending posting of the required counter-security, proceedings in this case – except for plaintiff's motion for summary judgment which has been partially briefed – are stayed.

DATED at Anchorage, Alaska, this 5th day of July, 2023.

/s/ H. Russel Holland
United States District Judge