IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PLATYPUS MARINE, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>GLACIER GUIDES, INC., an Alaska corporation, *in personam*, ALASKA LEGACY, LLC, *in personam*, M/Y ALASKAN GRANDEUR, O.N. 1121333, her engines, tackles, hull, machinery, and gear, *in rem*,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00006-JMK<br><br>**ORDER DENYING MOTION TO AMEND** |

At Docket 86, Defendants Glacier Guides, Inc., Alaska Legacy, LLC, and M/Y ALASKAN GRANDEUR, O.N. 1121333 (collectively, "Glacier Guides" or "Defendants") move for leave to amend its counterclaim to add an additional cause of action for breach of the Washington Consumer Protection Act. Plaintiff Platypus Marine, Inc. ("Platypus Marine") opposed at Docket 90. The Court took the motion under advisement without oral argument.

For the following reasons, leave to amend is **DENIED**.

## I. BACKGROUND

Platypus Marine brings this action against Defendants Glacier Guides, Inc. and Alaska Legacy, LLC *in personam* and defendant M/Y ALASKAN GRANDEUR, O.N. 1121333 *in rem*.[1] Platypus Marine alleges that Alaska Legacy, the owner of the M/Y ALASKAN GRANDEUR contracted with Platypus Marine to haul out and repair the vessel its Port Angeles, Washington, shipyard.[2] Platypus Marine duly hauled out the M/Y ALASKAN GRANDEUR and repaired the vessel as agreed.[3] Platypus Marine relaunched the vessel on March 31, 2022 and issued an invoice for the cost of repairs.[4] Glacier Guides, the operator of the M/Y ALASKAN GRANDEUR, requested to pay the invoice in two checks.[5] However, Glacier Guides later stopped payment on a check for $168,011.18 of the total repairs.[6] Platypus Marine then commenced this action with a verified complaint, asserting causes of action for a maritime lien against the vessel, enforcement of the dishonored check, breach of contract, and arrest of the vessel.[7] Defendants answered and asserted a counterclaim for breach of contract or warranty.[8]

Defendants previously moved to amend the Court's Scheduling and Planning Order to allow more time for them to complete discovery.[9] The Court granted the motion but warned that "the court is unlikely to entertain a further modification of the case

---

[1] Docket 18.
[2] Docket 18 at 2.
[3] Docket 18 at 2.
[4] Docket 18 at 2.
[5] Docket 18 at 3.
[6] Docket 18 at 3.
[7] Docket 1; Docket 18 at 3–5.
[8] Docket 23.
[9] Docket 27.

*Platypus Marine, Inc. v. Glacier Guides, Inc. et al.*　　　　　　　　　　　　　　　　Case No. 1:22-cv-00006-JMK
Order Denying Motion to Amend　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 1:22-cv-00006-JMK　　Document 99　　Filed 07/03/24　　Page 2 of 9

schedule absent a strong, good cause showing."[10] The case proceeded and, in December 2023, the parties certified that the case was ready to be tried.[11]

Defendants now seek leave to add an additional counterclaim for violation of the Washington Consumer Protection Act ("CPA").[12]

## II. LEGAL STANDARD

A party may amend a pleading as a matter of course within 21 days of serving it.[13] Once this period has elapsed, a party may amend its pleading "only with the opposing party's written consent or the court's leave."[14] "The court should freely give leave when justice so requires."[15] The decision to grant or deny leave to amend rests in the "sole discretion of the trial court,"[16] though the Ninth Circuit has instructed that "[r]equests for leave to amend should be granted with 'extreme liberality.'"[17]

Consistent with the liberal spirit of Rule 15, courts should only decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" (together, "the *Foman* factors").[18] Among

---

[10] Docket 40 at 3.
[11] Docket 75; Docket 76; Docket 77.
[12] Docket 86.
[13] Fed. R. Civ. P. 15(a)(1).
[14] Fed. R. Civ. P. 15(a)(2).
[15] *Id.*
[16] *Stanton v. Battelle Energy All., LLC.*, 83 F. Supp. 3d 937, 949 (D. Idaho 2015).
[17] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).
[18] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

*Platypus Marine, Inc. v. Glacier Guides, Inc. et al.*            Case No. 1:22-cv-00006-JMK
Order Denying Motion to Amend            Page 3
Case 1:22-cv-00006-JMK    Document 99    Filed 07/03/24    Page 3 of 9

these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight."[19] "Prejudice is the 'touchstone of the inquiry under Rule 15(a).'"[20] Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[21] "The party opposing amendment bears the burden of showing prejudice."[22]

However, when the deadline for motions to amend set in the Court's Scheduling and Planning Order has passed, a party must move for modification of that order before it may seek leave to amend. Under Rule 16, the court only may modify its scheduling order "for good cause. . . ."[23] "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment."[24] "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."[25]

---

[19] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[20] *Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).
[21] *Id.* (emphasis in the original).
[22] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
[23] Fed. R. Civ. P. 16(b)(4).
[24] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[25] *Id.*

*Platypus Marine, Inc. v. Glacier Guides, Inc. et al.*  Case No. 1:22-cv-00006-JMK
Order Denying Motion to Amend  Page 4
Case 1:22-cv-00006-JMK   Document 99   Filed 07/03/24   Page 4 of 9

## III.  DISCUSSION

Defendants move for leave to amend its counterclaim to add a cause of action for breach of the Washington CPA.[26] This new claim alleges that Platypus Marine violated the CPA by "(1) performing work and/or incurring charges not authorized by Glacier Guides; (2) going beyond the scope of work agreed to by Glacier Guides; (3) overcharging for the work performed; (4) performing defective and inadequate work; (5) providing knowingly false or misleading cost estimates; (6) providing knowingly false or misleading promises of ability to timely complete work; and (7) extorting payments under highly manipulative business practices which threaten the livelihood of customers."[27] Defendants argue that good cause exists to allow the addition of this claim because they only recently discovered the pendency of two other suits against Platypus Marine, which supports the "public interest" element of a CPA claim.[28] They further argue that the addition of this claim will minimally prejudice Platypus Marine as no further discovery will be necessary and any delay was due to Platypus Marine's failure to disclose the pendency of one of the two suits in discovery.[29]

Platypus Marine insists that Defendants fail to demonstrate good cause as almost two years have elapsed since the deadline for motions to amend in this case.[30] Moreover, it argues that amendment would be prejudicial here as it would come after the

---

[26] Docket 86 at 1-2.
[27] Docket 86 at 2; *see also* Docket 86-1 at 8.
[28] Docket 95 at 7–9.
[29] Docket 95 at 9.
[30] Docket 90 at 6.

close of discovery and the passage of the motions deadline and would further delay trial.[31] Finally, Platypus Marine argues that amendment to include a CPA claim would be futile.[32]

The Court analyzes the instant motion under Rule 16 as the deadline for motions to amend in Court's Scheduling and Planning Order has passed.[33] Under Rule 16, the court may modify its scheduling order "for good cause. . . ."[34] The Rule 16 standard "primarily considers the diligence of the party seeking the amendment."[35] "If that party was not diligent, the inquiry should end."[36]

District courts within the Ninth Circuit generally find discovery of new evidence sufficient to satisfy the "good cause" standard.[37] To evaluate whether evidence is newly discovered, courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."[38] "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."[39]

---

[31] Docket 90 at 8.
[32] Docket 90 at 8–12.
[33] Docket 21 at 6.
[34] Fed. R. Civ. P. 16(b)(4).
[35] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[36] *Id.*
[37] *See, e.g., Mays v. Stobie,* No. 3:08–CV–552–EJL–CWD, 2010 WL 5110083, at *4–5 (D. Idaho Dec. 7, 2010); *M.H. v. County of Alameda*, No. 11-2868 CW, 2012 WL 5835732 at *3 (N.D. Cal. Nov. 16, 2012); *Macias v. Cleaver*, No. 1:13-CV-01819-BAM, 2016 WL 8730687, at *4 (E.D. Cal. Apr. 8, 2016); *see also Gambrel v. Twin Falls Cnty.,* No. CIV. 1:12-369 WBS, 2014 WL 1612677, at *1 (D. Idaho Apr. 22, 2014) ("[T]his is a textbook example of 'good cause.'").
[38] *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations and citations omitted).
[39] *See Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir. 1986) (denying leave to amend under Rule 15).

Defendants have not demonstrated good cause to amend this Court's Scheduling and Planning Order. The deadline for motions to amend elapsed on August 1, 2022, nearly two years ago.[40] In the interim, the parties certified that they completed discovery, that there are no outstanding legal or procedural issues that need to be addressed by motion, and that they are ready to proceed to trial.[41] This certification came months ago, in December 2023, after the Court extended discovery deadlines but warned that "the court is unlikely to entertain a further modification of the case schedule absent a strong, good cause showing."[42] Now, after a contentious judicial settlement conference, Defendants assert a new claim.

Defendants contend that their eleventh-hour amendment is not due to a lack of diligence but rather their belated discovery of the pendency of two cases against Platypus Marine, which allows them to support the "public interest" element of a CPA claim.[43] In particular, Defendants underscore that Platypus Marine's officers failed to disclose the pendency of at least one lawsuit—*S/Y Paliador, LLC v. Platypus Marine*[44]—and that a second lawsuit against Platypus Marine was recently filed.[45] Although Platypus Marine's

---

[40] Docket 21 at 6.
[41] Docket 76.
[42] Docket 40 at 3.
[43] Docket 95 at 5–7. N.B. "[T]o prevail in a private CPA action . . ., a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).
[44] No. 03:22-cv-5591 (W.D. Wash. 2022).
[45] Docket 95 at 4–5; *see also* Docket 96-4 at 4 (April 6, 2023 deposition of Christoper Feffer, the company's 30(b)(6) designee); Docket 96-3 at 4–6 (deposition of Judson Linnabary, Platypus Marine's president).

*Platypus Marine, Inc. v. Glacier Guides, Inc. et al.*     Case No. 1:22-cv-00006-JMK
Order Denying Motion to Amend     Page 7
Case 1:22-cv-00006-JMK    Document 99    Filed 07/03/24    Page 7 of 9

asserted failure to disclose the *S/Y Paliador* suit in discovery is concerning, this is not a case where "no amount of diligence would allow the party to seek amendment before the expiration of the deadline."[46]

Assuming *arguendo* that the pendency of other suits against Platypus Marine could support the public interest element of a CPA claim, Defendants could have asserted this claim much earlier in this litigation. The *S/Y Paliador* matter has been pending since August 15, 2022.[47] Defendants could have discovered the suit in public court filings well before they filed their motion to amend in May 2024. Their failure to do so precludes a finding of "good cause" that would allow the Court to permit amendment at this late hour.

Finally, prejudice to Platypus Marine supplies an additional reason to deny Defendants' request. Defendants assert that there is little prejudice that will result if amendment is allowed as there is no need for further discovery.[48] But the existence of other, pending lawsuits against Platypus Marine is not evidence that Platypus Marine injured other persons that could be admitted at trial.[49] Rather, these suits contain disputed allegations that could prompt further investigation and discovery. And, in any event, Platypus Marine may wish to engage in discovery on this new claim. Furthermore, the motions deadline passed months ago, meaning that the parties will not be able to engage in motion work that might result in the clarification, dismissal, or narrowing of the CPA claim

---

[46] *Mays,* 2010 WL 5110083, at *4–5. The Court notes that it does not have the benefit of Platypus Marine's briefing on the alleged discovery failures.
[47] Docket 96-1 at 9.
[48] Docket 95 at 9.
[49] *See, e.g., Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original) (a court may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records").

*Platypus Marine, Inc. v. Glacier Guides, Inc. et al.*     Case No. 1:22-cv-00006-JMK
Order Denying Motion to Amend     Page 8
Case 1:22-cv-00006-JMK    Document 99    Filed 07/03/24    Page 8 of 9

prior to trial. To allow Defendants to assert a new claim at this stage would prejudice Platypus Marine's ability to mount a defense, further delay this matter, and waste judicial resources.

## IV. CONCLUSION

For the foregoing reasons, the *Motion to Amend* at Docket 86 is **DENIED**.

IT IS SO ORDERED this 3rd day of July, 2024, at Anchorage, Alaska.

                                                   */s/ Joshua M. Kindred*
                                                     JOSHUA M. KINDRED
                                                   United States District Judge

*Platypus Marine, Inc. v. Glacier Guides, Inc. et al.*                                                       Case No. 1:22-cv-00006-JMK
Order Denying Motion to Amend                                                                                Page 9
Case 1:22-cv-00006-JMK    Document 99    Filed 07/03/24    Page 9 of 9