**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

PLATYPUS MARINE, INC., a
Washington corporation,

                Plaintiff,

     v.

GLACIER GUIDES, INC., an Alaska
corporation, *in personam, et al.*,

                Defendants.

Case No. 1:22-cv-00006-SLG

## ORDER ON MOTIONS FOR RECONSIDERATION

Before the Court at Docket 103 is a Motion for Reconsideration Re: Motion to Compel Posting of Counter Security filed by Plaintiff Platypus Marine, Inc. ("Platypus Marine"). Defendants Glacier Guides, Inc., Alaska Legacy, LLC, and M/Y ALASKAN GRANDEUR, O.N. 1121333 (collectively, "Defendants") responded in opposition at Docket 108. Also before the Court at Docket 104 is Defendants' Motion for Reconsideration Re: Order Denying Motion to Amend Counterclaim. Platypus Marine responded in opposition at Docket 110. For the reasons set forth below, both motions are DENIED.

## BACKGROUND

On July 5, 2022, Platypus Marine filed its Second Amended Complaint against Defendants.[1] In it, Platypus Marine describes how it entered into a contract with Alaska Legacy, the owner of the ALASKAN GRANDEUR, for the haul-out and repair of the vessel.[2] According to Platypus Marine, it repaired the vessel as agreed, relaunched it, and issued an invoice for the cost of repairs on or about April 4, 2022.[3] Glacier Guides, the operator of the ALASKAN GRANDEUR, issued two checks as payment, but subsequently stopped payment on one of the two checks in the amount of $168,011.18.[4] Platypus Marine then commenced this action, asserting causes of action for a maritime lien against the vessel, breach of contract, enforcement of the dishonored check, and arrest of the vessel.[5] Defendants answered on July 21, 2022, asserting a counterclaim for breach of contract/breach of warranty.[6]

---

[1] Docket 18.

[2] Docket 18 at 2.

[3] Docket 18 at 2.

[4] Docket 18 at 3.

[5] Docket 1; Docket 18 at 3-5.

[6] Docket 23 at 6.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 2 of 12
Case 1:22-cv-00006-SLG     Document 114     Filed 11/27/24     Page 2 of 12

Previously, on June 10, 2022, the parties filed a Joint Stipulation "requesting [that] the Court issue an order approving Substitute Security in the amount of USD $178,091.85."[7]  In a June 14, 2022 order, the Court approved this stipulation, directing Alaska Legacy, LLC to deposit $178,091.85 with the Court as security and ordering that the ALASKAN GRANDEUR be released upon said deposit.[8] Defendants subsequently made the agreed-upon deposit.[9]

On June 12, 2023, Defendants moved the Court for an order directing Platypus Marine to deposit a countersecurity.[10]  Platypus Marine responded in opposition on June 23.[11]  On July 5, 2023, the Court granted the motion and ordered Platypus Marine to deposit a countersecurity in the amount of $224,810.00.[12]

After an unsuccessful settlement conference on March 15, 2024,[13] Defendants filed three motions on April 25, 2024, two of which are the subject of the instant motions to reconsider.  First, Defendants moved to compel Platypus Marine's deposit of the countersecurity, noting that they had not done so earlier

---

[7] Docket 10 at 1.

[8] Docket 13.

[9] Docket 15.

[10] Docket 43.

[11] Docket 46.

[12] Docket 51.

[13] *See* Docket 84 at 1.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 3 of 12
Case 1:22-cv-00006-SLG   Document 114   Filed 11/27/24   Page 3 of 12

because of the active settlement efforts.[14]  Platypus Marine responded in opposition,[15] to which Defendants replied.[16]  At Docket 100, the Court granted Defendants' Motion to Compel Deposit of Countersecurity.  In its order, the Court noted that in admiralty or maritime proceedings *in rem*, Federal Rule of Civil Procedure Supplemental Rule E(7)(a) "mandates deposit of a countersecurity when, as here, a party who has given security for damages, asserts a counterclaim, unless there is cause not to do so."[17]  While Platypus Marine had "indicate[d that] it wishe[d] to proceed solely on its *in personam* claims against Glacier Guides, Inc. and Alaska Legacy, LLC," it had not formally "relinquished" its *in rem* claims, and it was therefore required to deposit a countersecurity.[18]

On July 8, 2024, Platypus Marine filed a Notice of Dismissal of its claims against the *in rem* defendant ALASKAN GRANDEUR without prejudice.[19]  That same day, Platypus Marine moved for reconsideration of the Court's order at Docket 100, asserting that its dismissal of the *in rem* claims eliminated any basis for requiring the countersecurity.[20] At the Court's request,[21] Defendants responded

---

[14] Docket 83 at 1-2.

[15] Docket 91.

[16] Docket 92.

[17] Docket 100 at 4.

[18] Docket 100 at 4-5.

[19] Docket 102.

[20] Docket 103.

[21] Docket 105.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 4 of 12
Case 1:22-cv-00006-SLG    Document 114    Filed 11/27/24    Page 4 of 12

in opposition at Docket 108.

The second April 25, 2024 motion relevant again now is Defendants' motion for "leave to amend its counterclaim to include a cause of action for breach of the Washington Consumer Protection Act[.]"[22] Platypus Marine filed an opposition,[23] to which Defendants replied.[24] At Docket 99, the Court denied the motion to amend, finding that Defendants had failed to demonstrate good cause to support an amendment nearly two years after the deadline for motions to amend had passed, and months after the parties had certified that the case was ready for trial.[25]

On July 8, 2024, the case was reassigned from former Judge Joshua M. Kindred to the undersigned judge.[26]

On July 11, 2024, Defendants filed a Motion for Reconsideration Re: Order Denying Motion to Amend Counterclaim.[27] At the Court's request,[28] Platypus Marine responded in opposition on July 23.[29]

---

[22] Docket 86 at 1-2.

[23] Docket 90.

[24] Docket 95.

[25] Docket 99 at 7.

[26] Docket 101.

[27] Docket 104.

[28] Docket 107.

[29] Docket 110.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 5 of 12
Case 1:22-cv-00006-SLG    Document 114    Filed 11/27/24    Page 5 of 12

## LEGAL STANDARD

Local Civil Rule 7.3(h)(1) provides that a court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."

## DISCUSSION

### 1. Platypus Marine Must Dismiss its Claim with Prejudice or Deposit Countersecurity.

In its Motion for Reconsideration Re: Motion to Compel Posting of Counter Security, Platypus Marine asks the Court to reconsider its previous order compelling Platypus Marine to post countersecurity, asserting that "the sticking point for the Court was that plaintiff did not dismiss its *in rem* counterclaim first . . . . Plaintiff has now done so. This is equivalent to a 'new material fact' justifying reconsideration."[30]  Defendants disagree, contending that Platypus Marine "must either dismiss its *in rem* claims with prejudice, or it must post countersecurity[.]"[31]

While the Court finds that Platypus Marine's dismissal of its *in rem* claims without prejudice is not a "material" fact to warrant the Court's reconsideration of its prior ruling, it clarifies its prior ruling as follows: Platypus Marine must either: (1)

---

[30] Docket 103 at 2 (citation omitted).

[31] Docket 108 at 5.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 6 of 12

post countersecurity, or (2) file its *in rem* dismissal with prejudice, in which event Defendants will be entitled to the release of their security.

In the event that Platypus Marine does not dismiss the *in rem* claims with prejudice, the Court maintains its prior order requiring it to deposit countersecurity. Federal Rule of Civil Procedure Supplemental Rule E(7)(a) provides that:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise.

In other words, "a defendant seeking countersecurity must establish . . . (1) that it has posted security for the original claim; and (2) that its counterclaim arises from the same transaction or occurrence as the original claim."[32]  Here, Defendants posted security,[33] and the Court previously found that Defendants' counterclaim arises out of the same transaction or occurrence as Platypus Marine's claim,[34] a finding that has not been challenged.[35]  The Court, having found that Platypus Marine did not show cause to warrant relief from Supplemental Rule E(7)(a),[36] acted within its discretion when it ordered Platypus Marine to post countersecurity.

---

[32] *Phoenix Bulk Carriers, Ltd. v. Am. Metals Trading, LLP*, 742 F. Supp. 2d 486, 489 (S.D.N.Y. 2010).

[33] Docket 15.

[34] Docket 51 at 3.

[35] S*ee* Docket 91; Docket 103.

[36] Docket 100 at 4-5.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 7 of 12
Case 1:22-cv-00006-SLG    Document 114    Filed 11/27/24    Page 7 of 12

To avoid posting countersecurity, Platypus Marine must dismiss its *in rem* claim with prejudice.  Otherwise, as Defendants articulate, Platypus Marine is attempting to "avoid posting countersecurity . . .  such that it may once again reassert its maritime lien claim against the Vessel to collect a judgment if it prevails upon its *in personam* claims in the action."[37]  And in fact, Platypus Marine has indicated that it may do just that.[38]  Because "[t]he purpose of Rule E(7) is to place the parties on an equal basis insofar as security is concerned[,]"[39] Platypus Marine's attempt to avoid posting countersecurity while seeking to retain the ability to later arrest the vessel post-judgment does not comport with the spirit of the rule.[40]  Should Platypus Marine choose this alternative and dismiss its *in rem*

---

[37] Docket 108 at 3.

[38] Docket 91 at 2 ("[I]f [the Court] determines at trial that Platypus Marine is owed money for a claim that would provide a maritime lien[,]….Platypus would need to move for an arrest of the vessel . . . .").

[39] *Powers v. F/V GLADYS E*, Case No. A90-408 CIV., 1991 WL 198979, at *4 (D. Alaska Mar. 27, 1991) (citing *Wash.-S. Navigation Co. v. Balt. & Phila. Steamship Co.,* 263 U.S. 629, 638-39 (1924)); see *also Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987).

[40] The Court notes that while there is caselaw suggesting that it might be impermissible for Platypus Marine to reassert a lien on the vessel if the *in rem* claim is dismissed without prejudice, the question is unsettled enough that the Court will require the dismissal to be with prejudice. Courts have held that "the effect of release [of a lien in suit] is to transfer the lien from the ship to the fund represented by the bond or stipulation. The lien against the ship is discharged for all purposes and the ship cannot again be libeled *in rem* for the same claim." *Petroleos Mexicanos Refinacion v. M/T KING A*, 554 F.3d 99, 104 (3d Cir. 2009) (quoting Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* § 9-89, at 799 (2d ed. 1975)); *see also S. Or. Prod. Credit Ass'n v. Oil Screw Sweet Pea*, 435 F. Supp. 454, 458 (D. Or. 1977).  However, in those cases, the issue was that the security provided was insufficient to satisfy the judgment.  *See M/T KING A*, 554 F.3d at 104; *Oil Screw Sweet Pea*, 435 F. Supp. at 457.  One district court has applied this prohibition against reasserting an *in rem* claim in a situation similar to this one, where the *in rem* claim had previously been dismissed without prejudice.  *See The Cleveland*, 98 F. 631, 631-33 (D. Wash. 1899) (after the court dismissed an *in rem* case without prejudice and a second suit *in rem* was brought against the same steamship by the same libelants for the same cause of action, the court found that it was "obliged to hold that the release of the steamship Cleveland in the

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 8 of 12

claims with prejudice, Defendants are then entitled to an order releasing their security,[41] and Platypus Marine will no longer be required to post countersecurity.[42]

### 2. Defendants Have Not Provided Reason for the Court to Reconsider its Previous Order Denying the Motion to Amend.

In their Motion for Reconsideration Re: Order Denying Motion to Amend Counterclaim, Defendants reiterate their assertions from their earlier Reply on Motion to Amend Counterclaim; Defendants seek leave to include a claim for violation of the Washington Consumer Protection Act, asserting that (1) their recent discovery of two lawsuits against Platypus Marine supports the public interest element of the Washington claim, which requires "a real and substantial potential for repetition," and (2) that any prejudice would be minor compared to the delays caused by Platypus Marine.[43] Platypus Marine opposes this motion, asserting that Defendants fail to show good cause for their amendment and noting that

---

former suit . . . discharged her absolutely from liability to answer the demands of the libelants in this case, and that the proviso in the order dismissing the former suit that the same was made without prejudice can have no other effect, as a saving clause, than to prevent the decree of dismissal from being set up in bar of subsequent suits in personam against the master or owners of the vessel").

[41] The parties do not contest that release of the security is appropriate in this situation. *See* Docket 91 at 2 ("[T]he Court should issue an order releasing the security."); Docket 108 at 4 ("[Plaintiff] wants to avoid posting countersecurity by voluntarily releasing Defendants' security through dismissal . . . ."). Furthermore, because Supplemental Rule E and its security provisions apply to *in rem* actions, it follows that an action that is no longer *in rem* does not require the posting of security. *See* F. R. Civ. P. Supp. R. E(1).

[42] This is because Defendants will no longer meet the requirement of Supplemental Rule E(7)(a)— that a defendant seeking countersecurity must establish that it has posted security for the original claim.

[43] Docket 104 at 2-3 (quoting *Nw. Prod. Design Grp. v. Homax Prod., Inc.*, 174 Wash. App. 1002 (2013)); Docket 95 at 5-9.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 9 of 12

Case 1:22-cv-00006-SLG    Document 114    Filed 11/27/24    Page 9 of 12

Defendants "do not cite to [Local Civil Rule] 7.3 nor otherwise explain the basis that the Court should reconsider its motion."[44]

The Court agrees with Platypus Marine that Defendants fail to show any reason for the Court to reconsider the previous Order Denying Motion to Amend. As noted earlier, Local Civil Rule 7.3(h)(1) provides that a court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law." Defendants do not assert any new material fact or intervening change in law,[45] and the Court does not find any manifest error of the law or fact in the prior order.

The Court previously analyzed the motion to amend under Federal Rule of Civil Procedure 16, which governs when the deadline for motions to amend from the Court's Scheduling and Planning Order has passed.[46] Under Rule 16, the Court may modify its scheduling order "for good cause[.]"[47] To evaluate whether newly discovered evidence is sufficient to demonstrate "good cause," courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."[48] The Court previously

---

[44] Docket 110 at 1, 3-4.

[45] *See* Docket 104.

[46] *See* Docket 99 at 6 (citing Docket 21).

[47] Fed. R. Civ. P. 16(b)(4).

[48] *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 10 of 12

found that Defendants' discovery of two lawsuits against Platypus Marine did not

suffice as "good cause" to justify their eleventh-hour amendment.[49]  Because the

first lawsuit[50] had been pending since August 15, 2022,[51] "Defendants could have

discovered the suit in public court filings well before they filed their motion to amend

in May 2024. Their failure to do so precludes a finding of 'good cause' that would

allow the Court to permit amendment at this late hour."[52]  As to the second

lawsuit,[53] since it was not filed until two weeks *after* Defendants filed their initial

Motion to Amend Counterclaim,[54] Defendants cannot claim that their decision to

file the motion came as a result of their discovery of that case.

---

quotation marks and citations omitted).

[49] Docket 99 at 7-8.

[50] *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110 (W.D. Wash. 2023).

[51] Docket 96-1.

[52] Docket 99 at 8.  While Defendants could have discovered the suit in public court filings regardless, the Court notes that Defendants' assertion that "during the April of 2023, 30(b)(6) depositions of Platypus' owner Judson Linnabary, and Platypus' president Chris Feffer, both men untruthfully affirmed that there were no current lawsuits against Platypus" overstates the deposition testimony. Docket 104 at 3. Judson Linnabary's Deposition testimony reads: "Q. Okay. Are you aware, besides those three suits, of any other times that PMI has been involved in a lawsuit? A. Not really." Docket 96-3 at 6.  Chris Feffer's Deposition testimony reads: "Q. And to your knowledge has PMI ever been sued before? A. Yes, I believe so. Q. And can you tell me about the instances that you know of in which PMI has been sued? A. I wasn't present here during those, so I wasn't -- I don't have the information on them."  Docket 96-4 at 4.

[53] *Ralston v. Platypus Marine, Inc.*, Case No. 3:24-cv-05343-GJL (W.D. Wash.).

[54] *Compare* Docket 96-2 (*Ralston* Complaint filed May 7, 2024), *with* Docket 86 (Defendants' Motion to Amend Counterclaim filed April 25, 2024).

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 11 of 12

The Court likewise upholds its prior finding that "[t]o allow Defendants to assert a new claim at this stage would prejudice Platypus Marine's ability to mount a defense, further delay this matter, and waste judicial resources."[55]

## CONCLUSION

For the foregoing reasons, Platypus Marine's Motion for Reconsideration Re: Motion to Compel Posting of Counter Security at Docket 103 is **DENIED**. Platypus Marine must dismiss its *in rem* claims with prejudice or deposit countersecurity in the amount of $224,810.00 within **14 days** of the date of this order. Should Platypus Marine dismiss its *in rem* claims with prejudice, the Court will order the release of Defendants' security.

Defendants' Motion for Reconsideration Re: Order Denying Motion to Amend Counterclaim at Docket 104 is likewise **DENIED**.

A telephonic Trial-Setting Conference is hereby scheduled for **December 17, 2024** at **10:45 A.M.** All parties shall participate telephonically by dialing 571-353-2301 (Call ID 020262828, Pin 487051) approximately five minutes before the scheduled hearing time.

DATED this 27th day of November 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[55] Docket 99 at 9.

Case No. 1:22-cv-00006-SLG, *Platypus Marine v. Glacier Guides, et al.*
Order on Motions for Reconsideration
Page 12 of 12

Case 1:22-cv-00006-SLG    Document 114    Filed 11/27/24    Page 12 of 12